UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSEPH EDWARD MARTY,

     "Libellant",

  v.

LOUIS B. GREEN, El Dorado County Council, et al.,

     "Libellees".

NO. 2:10-cv-1823 MCE-KJN-PS

**ORDER**

----oo0oo----

    Joseph Edward Marty, who styles himself as the "Libellant" in these proceedings, moves for a temporary restraining order on grounds that he has obtained "a fully cured and perfected Admiralty Counterclaim" against "Libellees" who appear to be various officials employed by El Dorado County and the El Dorado County Court.

While Marty's submission to the Court is all but incomprehensible, it appears to relate a claimed criminal conspiracy related to the alleged "kidnapping" of Marty's granddaughter.[1]  Marty alleges that the Superior Court has "been acting as a private commercial fictional court of consent" and seeks permanent injunction preventing both the Court and County from "continuing any hostile presentments and criminal conspiracy and racketeering activities against Libellant and his family." It also seeks orders dismissing, voiding, expunging and vacating court and public records involving some twenty different individuals and/or cases.  Moreover, Marty's action seeks a writ of execution for damages allegedly totaling some 500 billion dollars, and Marty further seeks an order compelling the El Dorado County Recorder to record all maritime liens, commercial liens, and all other documents allegedly executed in his favor into the public record.

///
///
///
///
///

---

[1] While Marty's Motion itself is silent on this issue, his TRO Checklist appears to indicate that an expedited hearing is necessary because the "County is threatening to adopt child out and deny due process rights".  No further explication of this claim is made, not to mention whether there is any immediate danger of such adoption occurring such that a regularly noticed, as opposed to emergency request, will not suffice.  The propriety of a temporary restraining order, in particular, hinges on a significant threat of irreparable injury (Simula, Inc. Autoliv, Inc., 175 F.3d 716, 725 (9th Cir. 1999)) that must be imminent in nature.  Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

2

1       First, as a procedural matter, Marty has not complied with
2  the provisions of Eastern District Local Rule 231 in seeking a
3  temporary restraining order.  While Marty has filed a TRO
4  Checklist and purports to have included both an Affidavit
5  detailing his efforts to provide notice, as required by Rule
6  231(c)(5), and an Affidavit in support of the existence of an
7  irreparable injury pursuant to subsection (c)(4), no such
8  Affidavits has been presented to the Court.  Nor has a separate
9  Complaint been filed, or any proposed order with provision for
10 bond.  Marty's request for temporary restraining order fails
11 given those procedural shortcomings alone.
12      Second, in order to qualify for injunctive relief, Marty
13 must, at minimum, demonstrate a "fair chance of success" that his
14 claims will ultimately prevail on their merits.  See, e.g.,
15 Johnson v. Calif. State Bd. Of Accountancy, 72 F.3d 1427, 1430
16 (9th Cir. 1995).  This means that Marty must demonstrate some
17 likelihood of obtaining a favorable result in her case in chief.
18 Original Appalachian Artworks v. Topps Chewing Gum, 642 F.Supp.
19 1031, 1034 (N.D. Ga. 1986); A&M Records, Inc. v. Napster, Inc.,
20 239 F.3d 1004, 1005, fn. 3 (9th Cir. 2001).  No matter how severe
21 or irreparable the injury asserted, an injunction should never
22 issue if the moving party's claims are so legally untenable that
23 there is virtually no chance of prevailing on the merits.  State
24 of Texas v. Seatrain Int'l, S.A. 518 F.2d 175, 180 (5th Cir.
25 1975).
26      The inherent implausibility of the claims asserted by Marty
27 makes it impossible for this Court to conclude there is any
28 likelihood she will ultimately prevail.

Consequently the requested temporary restraining order cannot issue on that basis as well.

Given all the foregoing, Marty's Motion for Emergency Injunction is DENIED.

IT IS SO ORDERED.

Dated: July 15, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4