IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH EDWARD MARTY,

   Plaintiff,       No. 2:10-cv-01823 KJM[1] KJN PS

 v.

LOUIS B. GREEN, et al.,

   Defendants.    <u>ORDER</u>
_____/

    Presently before the court is plaintiff's motion for default judgment.[2] (Dkt. No. 14.) The court heard this matter on its law and motion calendar on January 27, 2011.[3] (Dkt. No. 22.) Plaintiff Joseph Edward Marty, who is proceeding without counsel, appeared on his

---

[1] On January 20, 2011, United States District Judge Kimberly J. Mueller was assigned as the district judge presiding over this case. (<u>See</u> Order of Reassignment, Jan. 20, 2011, Dkt. No. 21.)

[2] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[3] A Status (Pretrial Scheduling) Conference was also set for January 27, 2011, and neither party filed a status report. As addressed below, and as plaintiff essentially conceded at the hearing, none of the defendants in this case has been properly served with process. Moreover, a motion to dismiss on grounds including insufficient service of process is set for hearing on February 10, 2011. Because there are service-related problems in this case and a pending motion to dismiss the entire action, the undersigned will not at this time enter a status (pretrial scheduling) order, but if necessary will hold an additional status conference at a later date and enter a scheduling order.

1

own behalf.[4]  Attorney Andrew T. Caulfield appeared on behalf of the following 18 defendants: Louis B. Green, Edward L. Knapp, Joan Barbee, Becky Nelson, Melinda Iremonger, Mark Contois (erroneously sued as "Mark Tontois"), Angela Wilson, Janet Walker Conroy, Tim William, Robert J. Barbot, Beth McCourt, Vern R. Pierson, Worth Dikeman, John R. Knight, Ray Nutting, James R. Sweeney, Ron Briggs, and Norman Santiago (collectively, the "Opposing Defendants").[5]

The undersigned has considered the briefs, oral arguments, and the appropriate portions of the record in this case and, for the reasons stated below, denies plaintiff's motion for default judgment.  There are several procedural and substantive problems with plaintiff's motion.  However, briefly stated, plaintiff failed to first seek a clerk's entry of default, which is required before a plaintiff may move for a default judgment.  More significantly, plaintiff has not demonstrated that he properly served any of the Opposing Defendants.  Accordingly, even if plaintiff had sought a clerk's entry of default, it would have been denied for want of proper service of process.

I.   BACKGROUND

The substantive allegations in the operative complaint are not relevant to the disposition of this motion.  Accordingly, those allegations are not recounted here in detail.

---

[4] At the hearing, Mr. Marty clarified that it is his belief or preference that his given name is properly spelled "Joseph-Edward: Marty." He further indicated that this spelling was "filed with the Supreme Court," although the import of that representation is unclear.  If Mr. Marty desires to include an alternate spelling of his name in the caption of this case, the court will entertain a request to add that spelling of Mr. Marty's name to the caption.  The court notes that the caption used by this court reflects the spelling provided by Mr. Marty in the majority of documents that he previously filed with the court, including the original complaint and amended complaint.  (See Dkt. Nos. 1, 3, 7, 9, 11.)  It was not until Mr. Marty filed the pending motion for default judgment that he began using a spelling of his name that includes a hyphen and colon.  In any event, the court will entertain a separate request by Mr. Marty to add his preferred spelling to the caption as an alternative spelling.

[5] At the hearing, Mr. Caulfield indicated that he was "specially" appearing on behalf of the Opposing Defendants.  Insofar as possible waivers of jurisdictional challenges is concerned, the distinction between special and general appearances has been abolished in federal court.  See SEC v. Wencke, 783 F.2d 829, 832 n.3 (9th Cir. 1986); Wright v. Yackley, 459 F.2d 287, 291 (9th Cir. 1972).

On July 14, 2010, plaintiff filed an application for a temporary restraining order ("TRO"), that United States District Judge Morrison E. England, Jr.[6] denied on July 15, 2010.[7] (Mot. for Emergency Inj., Dkt. No. 1; Order, July 15, 2010, Dkt. No. 6.)  Noting that plaintiff's action seeks, among other things, damages of approximately $500 billion dollars, Judge England denied plaintiff's application for a TRO and stated, in part, that "[t]he inherent implausibility of the claims asserted by Marty makes it impossible for this Court to conclude there is any likelihood [he] will ultimately prevail."  (Order, July 15, 2010, at 3.)  Plaintiff subsequently filed a "Response" to Judge England's order denying plaintiff's application for a TRO (Dkt. No. 7), which Judge England denied to the extent that the "Response" constituted a motion for reconsideration (Order, Aug. 13, 2010, Dkt. No 8).

On September 8, 2010, plaintiff filed a document entitled "Motion For Orders To Void and Vacate: Judgments and Orders To Strike Liens of El Dorado County Superior Court," and noticed the "motion" for hearing on September 30, 2010.  (Dkt. No. 9.)  Because plaintiff's document was styled as a "motion" and was defectively noticed, the court ordered plaintiff to re-notice the motion in compliance with this court's Local Rule 230(b).  (Minute Order, Sept. 13, 2010, Dkt. No. 10.)  On October 5, 2010, plaintiff filed a document entitled "Amended Motion For Orders To Void and Vacate: Judgments and Orders To Strike Liens of El Dorado County Superior Court," which he noticed for hearing on November 18, 2010 (the "Amended Motion").  (Dkt. No. 11.)

Upon review of plaintiff's Amended Motion, the undersigned concluded that although styled as a "motion," the Amended Motion was not in fact a motion; instead, the Amended Motion appeared to be an amended complaint seeking relief relative to several decisions of the California Superior Court for the County of El Dorado.  (Order, Oct. 14, 2010,

---

[6]  Judge England was the district judge previously assigned to this matter.

[7]  The court's docket reflects that none of the named defendants made an appearance in response to plaintiff's application for a TRO.

3

1  Dkt. No. 12.)  Accordingly, the undersigned construed the Amended Motion as a first amended
2  complaint.  (Id. at 2 ("Plaintiff's 'Amended Motion For Orders To Void and Vacate: Judgments
3  and Orders To Strike Liens of El Dorado County Superior Court' (Dkt. No. 11) is hereby deemed
4  to constitute a 'First Amended Complaint.'").)  The undersigned refers to the Amended Motion
5  as the First Amended Complaint in the remainder of this order.

6            On October 14, 2010, the court issued a summons requiring defendants to respond
7  to plaintiff's First Amended Complaint within 21 days of being served with the summons and the
8  First Amended Complaint.  (See Dkt. No. 13.)  The "Proof of Service" appended to plaintiff's
9  First Amended Complaint indicates that plaintiff served the First Amended Complaint only by
10  U.S. Mail on:

11         CAULFIELD, DAVIES & DONAHUE, LLP
       Attn: Richard Caulfield
12         P.O. BOX 277010
       Sacramento, CA 95827-7010
13

14  (Proof of Service, attached to First Am. Compl., Dkt. No. 11 at 37-39; see also Mot. for Default
15  J., Ex. A.)  Caulfield, Davies & Donahue, LLP is not a named defendant.  The court's docket
16  does not contain a subsequently filed proof of service or certificate of service reflecting that
17  plaintiff served the summons and First Amended Complaint on any defendants after the
18  summons issued.[8]

19            On December 6, 2010, plaintiff filed the pending motion for default judgment.
20  The court's docket reveals plaintiff did not seek, and thus the Clerk of Court did not enter, a
21  clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a) prior to the filing of the
22  motion for default judgment.

23            On January 4, 2011, the Opposing Defendants filed a written opposition to
24  plaintiff's motion for default judgment, arguing, in part, that the Clerk of Court could not enter

---

[8] At the January 27, 2011 hearing, plaintiff conceded that he has not personally served the named defendants with process.

4

default against the Opposing Defendants pursuant to Federal Rule of Civil Procedure 55(a) because the Opposing Defendants had never been properly served in this action. (See Opp'n to Mot. for Default J. ("Opp'n") at 2, Dkt, No. 18.) The Opposing Defendants further argue that the Clerk of Court could not enter a default judgment against them pursuant to Federal Rule of Civil Procedure 55(b)(1) because plaintiff's claim is not for a "sum certain or a sum that can be made certain by computation." (Id. at 2-3.)

Also on January 4, 2011, the Opposing Defendants filed a motion to dismiss plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6), which is scheduled for a hearing on February 10, 2011. (Mot. to Dismiss, Dkt. No. 19; Minute Order, Jan. 6, 2011, Dkt. No. 20.) The Opposing Defendants' motion to dismiss more thoroughly addresses the Opposing Defendants' argument that none of them was properly served in this action. (Opposing Defs.' Memo. of P. & A. in Supp. of Mot. to Dismiss at 7-9, Dkt. No. 19, Doc. No. 19-3.) The Opposing Defendants attempt to incorporate their motion to dismiss into their opposition to the motion for default judgment and request that the court consider the motion to dismiss and supporting papers in analyzing plaintiff's motion for default judgment. (Opp'n at 2.) Although this sort of incorporation by reference is not an ideal practice, the undersigned has considered the motion to dismiss, which was filed the same day as the opposition to the motion for default judgment.

II.   DISCUSSION

The Opposing Defendants' opposition to plaintiff's motion for default judgment is well-taken for the reasons that follow. Accordingly, the undersigned denies plaintiff's motion for default judgment.

   A.   Plaintiff Failed To Seek A Clerk's Entry of Default

Plaintiff's motion for default judgment is denied because plaintiff did not follow the procedural steps required to properly file a motion for default judgment. Specifically, plaintiff failed to seek a clerk's entry of default from the Clerk of Court prior to filing his motion

for default judgment.

Federal Rule of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court. In relevant part, Rule 55 provides:

> **(a) Entering a Default.** When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> **(b) Entering a Default Judgment.**
>
> **(1) By the Clerk.** If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk--on the plaintiff's request, with an affidavit showing the amount due--must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> **(2) By the Court.** In all other cases, the party must apply to the court for a default judgment. . . .

Fed. R. Civ. P. 55(a)-(b). As the Ninth Circuit Court of Appeals has stated, Rule 55 requires a "two-step process" consisting of: (1) seeking a clerk's entry of default, and (2) filing a motion for the entry of default judgment. See Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); accord Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting that Rules 55(a) and (b) provide a two-step process for obtaining a default judgment); see also Norman v. Small, No. 09cv2235 WQH , 2010 WL 5173683, at *2 (S.D. Cal. Dec. 14, 2010) (unpublished) (denying plaintiff's motion for default judgment because the clerk had not yet entered a default); Cramer v. Target Corp., No. 1:08-cv-01693-OWW-SKO, 2010 WL 2898996, at *1 (E.D. Cal. July 22, 2010) (unpublished) ("Obtaining a default judgment in federal court is a two-step process that includes: (1) entry of default and (2) default judgment."); Bach v. Mason, 190 F.R.D. 567, 574 (D. Idaho 1999) ("Plaintiffs have improperly asked this court to enter a default judgment without first obtaining an entry of default by the clerk. Since plaintiffs' motion for entry of default judgment is improper, it is denied."), aff'd, 3 Fed. Appx. 656 (9th Cir. 2001), cert. denied, 534

1  U.S. 1083 (2002).

2         Here, plaintiff did not request or obtain a clerk's entry of default from the Clerk of

3  Court upon a showing by affidavit or otherwise that defendants failed to plead or otherwise

4  defend themselves.  Accordingly, plaintiff's motion for default judgment is not properly before

5  the undersigned and is denied.

6         B.       <u>Plaintiff Did Not Properly Serve Defendants</u>

7         Had plaintiff attempted to seek a clerk's entry of default prior to filing the pending

8  motion, the Clerk of Court would have denied the request because plaintiff has not shown by

9  affidavit or otherwise that defendants failed to appear after being properly served with process

10 under the Federal Rules of Civil Procedure.  As the Opposing Defendants point out, any defects

11 in service of process render a default judgment subject to attack through a motion to set aside the

12 default.  <u>See</u> <u>Mason v. Genisco Tech. Corp.</u>, 960 F.2d 849, 851 (9th Cir. 1992) (holding that if

13 service of process on a party in an earlier action against whom a default judgment was entered

14 was not proper, then the default judgment in the earlier action was void and had no preclusive

15 effect in the present action); <u>see</u>, <u>c.f.</u>, <u>Benny v. Pipes</u>, 799 F.2d 489, 492 (9th Cir. 1986) ("A

16 failure to make a timely answer *to a properly served complaint* will justify the entry of a default

17 judgment" (emphasis added).), <u>cert. denied</u>, 484 U.S. 870 (1987).

18        As a general matter, Federal Rule of Civil Procedure 5 governs the manner of

19 service of a pleading filed after the original complaint, <u>see</u> Fed. R. Civ. P. 5(a)(1)(B); <u>Employee</u>

20 <u>Painters' Trust v. Ethan Enters., Inc.</u>, 480 F.3d 993, 999 (9th Cir. 2007), and would permit the

21 service of an amended pleading on counsel via U.S. Mail.[9]  <u>See</u> Fed. R. Civ. P. 5(b)(1),

---

[9] There are certain circumstances under which a plaintiff must nevertheless serve an amended pleading on a defendant in accordance with Rule 4. <u>See</u> Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear.  But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4."); <u>Employee Painters' Trust</u>, 480 F.3d at 999 ("An amended complaint need only be served in the manner provided by Rule 4 when (1) a party is 'in default for failure to appear' and (2) the 'pleadings assert[ ] new or additional claims for relief.' Fed. R. Civ. P. 5(a).").  The Opposing Defendants have not asserted

7

5(b)(2)(C). However, this case presents a peculiar set of circumstances in that: (1) there is no evidence in the record that suggests that plaintiff served any defendant with the summons and original complaint, (2) no defendant appeared in response to plaintiff's application for a TRO, and (3) the court was required to construe an "amended motion" filed by plaintiff as a First Amended Complaint. Under these circumstances, Rule 4 provides a more appropriate means of measuring the adequacy of service of process.

Here, plaintiff did not serve process consistent with Federal Rule of Civil Procedure 4. At a minimum, nothing in the record suggests that plaintiff served a summons on any defendant along with either the original complaint or First Amended Complaint. See Fed. R. Civ. P. 4(c)(1) ("A summons must be served with a copy of the complaint"). For this reason alone, service of process was not proper and any request for the entry of default or a default judgment fails for want of proper service. Moreover, although the undersigned does not elaborate on the point here, plaintiff has failed to show service of process on the Opposing Defendants in accordance with Federal Rule of Civil Procedure 4(e).[10]

Even if analyzed under Federal Rule of Civil Procedure 5, plaintiff failed to properly serve the First Amended Complaint.[11] Rule 5(b)(2) provides that service of an amended pleading may be effectuated by mailing the amended pleading to "the person's last known address." Fed. R. Civ. P. 5(b)(2). Moreover, "if a party is represented by an attorney, service under this rule must be made on the attorney unless the court orders service on the party." Fed.

---

that they fall within this rule.

[10] Plaintiff has not demonstrated that he effectuated service of process under Rule 4(e)(2) by: "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Moreover, plaintiff has not demonstrated that he effectuated service of process in accordance with California law. See Fed. R. Civ. P. 4(e)(1).

[11] The undersigned reiterates that Rule 5 does not provide the appropriate rule regarding service under the particular facts of this case.

8

R. Civ. P. 5(b)(1).

Here, plaintiff served an attorney who only recently appeared on behalf of the Opposing Defendants in state court proceedings, but a declaration submitted by that attorney, Andrew T. Caulfield, reflects that he was not designated or authorized to receive service of process by the Opposing Defendants in this federal action. (See Andrew T. Caulfield Decl. In Supp. of Mot. to Dismiss ("Caulfield Decl.") ¶ 3, Dkt. No. 19, Doc. No. 19-2.) Plaintiff's Proof of Service states that the First Amended Complaint was served "on interested parties in this action" via U.S. Mail.[12] (Proof of Serv., attached to First Am. Compl., Dkt. No. 11 at 37-39; see also Mot. for Default J., Ex. A.) However, the "Service List" that follows only lists the law firm of Caulfield, Davies & Donahue, LLP as having been served by mail. Caulfield, Davies & Donahue, LLP is not a named defendant in this action. And although the County of El Dorado had retained attorney Andrew Caulfield and Caulfield, Davies & Donahue, LLP to represent 18 defendants who are or were employees of the County of El Dorado in 18 separate proceedings in state court, the Caulfield Declaration represents under penalty of perjury that no attorney at Caulfield, Davies & Donahue, LLP has been designated to accept service of process on behalf of any of the Opposing Defendants or the County of El Dorado in the action proceeding in federal court. (Caulfield Decl. ¶¶ 2-3.) Moreover, attorneys Andrew Caulfield and Richard Caulfield and their staff at Caulfield, Davies & Donahue, LLP have not been personally served with any documents related to this action. (Id. ¶ 4.) Finally, the Caulfield Declaration represents that plaintiff did not contact Andrew or Richard Caulfield to determine whether either attorney would accept service of process on behalf of the Opposing Defendants. (Id. ¶ 6.) Under these circumstances, the undersigned concludes that service of process was not proper even if analyzed under Rule 5.

Plaintiff has not demonstrated proper service of process on the defendants named

---

[12] The name of the person who purportedly served the First Amended Complaint by mail is illegible on the proof of service.

9

in this action, including the Opposing Defendants.  Accordingly, plaintiff's motion for default judgment is denied for this additional reason.

III.     CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that plaintiff's motion for default judgment is denied.

IT IS SO ORDERED.

DATED: January 27, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE