IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH EDWARD MARTY,

    Plaintiff,   No. 2:10-cv-01823 KJM KJN PS

  v.

LOUIS B. GREEN, et al.,

    Defendants.   ORDER
_____/

        On January 4, 2011, eighteen named defendants in this action (the "Moving Defendants") filed a motion to dismiss plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6), and noticed that motion for a hearing before the undersigned to take place on February 10, 2011.  (Mot. to Dismiss, Dkt. No. 19.) Pursuant to this court's Local Rules, plaintiff was obligated to file and serve a written opposition or statement of non-opposition to the Moving Defendants' motion at least fourteen days prior to the hearing date, or January 27, 2011.  See E. Dist. Local Rule 230(c).[1]  The court's docket

---

[1] Eastern District Local Rule 230(c) provides:

>   **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date.  A responding party who has no opposition to the granting of the motion shall

reflects that plaintiff, who is proceeding without counsel, failed to file a written opposition or statement of non-opposition with respect to the Moving Defendants' motion to dismiss.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[2] See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52,

---

serve and file a statement to that effect, specifically designating the motion in question.  No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

[2] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. Appx. 789, 790 (9th Cir. 2010).

53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); <u>Thompson v. Housing Auth. of City of L.A.</u>, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

The undersigned hereby continues the hearing on the Moving Defendants' motion to dismiss from February 10, 2011, to March 17, 2011.  Plaintiff shall have one, final opportunity to file a written opposition to the pending motion.

Finally, the undersigned herein provides some guidance to plaintiff with respect to plaintiff's forthcoming written opposition.  On January 28, 2011, the court entered an order denying plaintiff's motion for default judgment because, among other things, plaintiff had not properly effectuated service of process on the defendants in this case.  (Dkt. No. 23.)  At the hearing on plaintiff's motion for default judgment, plaintiff all but conceded the issue of deficient service and acknowledged that, going forward, he needed to properly serve defendants.  Assuming that plaintiff has or will promptly effectuate proper service on defendants, he need not extensively address the Moving Defendants' arguments regarding service—that issue has essentially been decided.[3]  The undersigned is more focused on the Moving Defendants' remaining, substantive arguments, which may result in dismissal of this entire matter.  Accordingly, in plaintiff's opposition to the Moving Defendants' motion to dismiss, plaintiff should be sure to directly respond to the Moving Defendants' arguments in this regard.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The hearing on the Moving Defendants' motion to dismiss plaintiff's First

---

[3] Of course, to the extent that plaintiff failed to properly serve defendants, such failure may still provide additional grounds upon which to grant the Moving Defendants' motion.

3

Amended Complaint (Dkt. No. 19), which is presently set for February 10, 2011, is continued until March 17, 2011.

        2.     Plaintiff shall file a written opposition to the motion to dismiss, or a statement of non-opposition thereto, on or before February 10, 2011.  *Plaintiff's failure to file a written opposition will be deemed a statement of non-opposition to the pending motion and consent to the granting of the motion to dismiss, and shall constitute an additional ground for the imposition of appropriate sanctions, including a recommendation that plaintiff's case be involuntarily dismissed pursuant to Federal Rule of Civil Procedure 41(b).*

        3.     The Moving Defendants may file a written reply to plaintiff's opposition, if any, on or before February 24, 2011.

        IT IS SO ORDERED.

DATED:  January 31, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE