1

2

3

4

5

6

7

8            IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSEPH EDWARD MARTY,

11              Plaintiff,              No. 2:10-cv-01823 KJM KJN PS

12       v.

13   LOUIS B. GREEN, et al.,            ORDER, FINDINGS AND RECOMMENDATION,
                                        and ORDER TO SHOW CAUSE
14              Defendants.
     _____/

15

16            Presently before the court is a motion to dismiss plaintiff's First Amended

17   Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6),which

18   was filed by the following 18 defendants: Joan Barbee, Robert J. Barbot, Ron Briggs, Janet

19   Walker Conroy, Mark Contois (erroneously sued as "Mark Tontois"), Worth Dikeman, Louis B.

20   Green, Melinda Iremonger, Edward L. Knapp, John R. Knight, Beth McCourt, Becky Nelson,

21   Ray Nutting, Vern R. Pierson, Norman Santiago, James R. Sweeney, Tim William, and Angela

22   Wilson (collectively, the "Moving Defendants").[1]  (Mot. to Dismiss, Dkt. No. 19.)  Briefly stated,

23   the Moving Defendants argue that plaintiff's First Amended Complaint should be dismissed

24   because: (1) plaintiff failed to properly serve them with process; (2) this court lacks jurisdiction

25   _____

26         [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

                                        1

over plaintiff's claims because plaintiff's claims constitute an appeal of 18 state court judgments that is barred by the <u>Rooker-Feldman</u> doctrine; and (3) plaintiff's claims are subject to dismissal for failure to state a claim on which relief can be granted.

Plaintiff failed to file a written opposition to the pending motion to dismiss despite being given multiple opportunities to do so, and despite being warned that his failure to file a written opposition would constitute consent to the grant of the motion to dismiss and result in a recommendation that plaintiff's case be dismissed with prejudice.  (<u>See</u> Order, Feb. 1, 2011, Dkt. No. 25.)  Instead of filing a written opposition, plaintiff filed several documents that are not responsive to the motion to dismiss.  (<u>See</u> Dkt. Nos. 24, 26, 28-33.)

Because oral argument would not have materially aided the resolution of the pending motion, this matter was submitted on the briefs and record without a hearing.  <u>See</u> Fed. R. Civ. P. 78(b); E. Dist. Local Rule 230(g); Minute Order, Mar. 11, 2011, Dkt. No. 34.  The undersigned has considered the briefs, and the appropriate portions of the record in this case and, for the reasons stated below: (1) grants the Moving Defendant's request for judicial notice filed January 4, 2011; (2) recommends that the Moving Defendants' motion to be dismiss be granted; and (3) recommends that the claims alleged against the Moving Defendants be dismissed with prejudice and that the Moving Defendants be dismissed from this action.  The undersigned recommends that the Moving Defendants' request for sanctions be denied.

Finally, it is not clear from the court's records whether plaintiff served the remaining named defendants within the time provided in Federal Rule of Civil Procedure 4(m). Accordingly, the undersigned orders plaintiff to show cause in writing why the First Amended Complaint should not be dismissed with prejudice as to defendants Kelly Bently, "Sargent Foxworthy," Jeff Neves, Barbara Newman, Carol Stowell, and Tania Urgin pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

I.     <u>BACKGROUND</u>

On July 14, 2010, plaintiff filed an application for a temporary restraining order

("TRO"), that United States District Judge Morrison E. England, Jr.[2] denied on July 15, 2010.[3] (Mot. for Emergency Inj., Dkt. No. 1; Order, July 15, 2010, Dkt. No. 6.)  Judge England's order denying the application for a TRO noted several deficiencies in plaintiff's application, including that plaintiff failed to file a separate complaint, as required by the court's Local Rules.  (Order, July 15, 2010, at 3.)  Furthermore, noting that plaintiff's action seeks, among other things, damages of approximately $500 billion dollars, Judge England denied plaintiff's application for a TRO and stated, in part, that "[t]he inherent implausibility of the claims asserted by Marty makes it impossible for this Court to conclude there is any likelihood [he] will ultimately prevail."  (Id. at 3.)  Plaintiff subsequently filed a "Response" to Judge England's order denying plaintiff's application for a TRO (Dkt. No. 7), which Judge England denied to the extent that the "Response" constituted a motion for reconsideration (Order, Aug. 13, 2010, Dkt. No 8).

On September 8, 2010, plaintiff filed a document entitled "Motion For Orders To Void and Vacate: Judgments and Orders To Strike Liens of El Dorado County Superior Court," and noticed the "motion" for hearing on September 30, 2010.  (Dkt. No. 9.)  Because plaintiff's document was styled as a "motion" and was defectively noticed, the court ordered plaintiff to re-notice the motion in compliance with this court's Local Rule 230(b).  (Minute Order, Sept. 13, 2010, Dkt. No. 10.)  On October 5, 2010, plaintiff filed a document entitled "Amended Motion For Orders To Void and Vacate: Judgments and Orders To Strike Liens of El Dorado County Superior Court," which he noticed for hearing on November 18, 2010 (the "Amended Motion"). (Dkt. No. 11.)

Upon review of plaintiff's Amended Motion, the undersigned concluded that although styled as a "motion," the Amended Motion was not in fact a motion; instead, the Amended Motion appeared to be an amended complaint seeking relief relative to several

---

[2]  Judge England was the district judge previously assigned to this matter.

[3]  The court's docket reflects that none of the named defendants made an appearance in response to plaintiff's application for a TRO.

1   decisions of the California Superior Court for the County of El Dorado.  (Order, Oct. 14, 2010,

2   Dkt. No. 12.)  Accordingly, the undersigned construed the Amended Motion as a first amended

3   complaint.  (Id. at 2 ("Plaintiff's 'Amended Motion For Orders To Void and Vacate: Judgments

4   and Orders To Strike Liens of El Dorado County Superior Court' (Dkt. No. 11) is hereby deemed

5   to constitute a 'First Amended Complaint.'").)  The undersigned refers to the Amended Motion

6   as the First Amended Complaint in the remainder of this order.

7           On October 14, 2010, the court issued a summons requiring defendants to respond

8   to plaintiff's First Amended Complaint within 21 days of being served with the summons and the

9   First Amended Complaint.  (See Dkt. No. 13.)  The "Proof of Service" appended to plaintiff's

10  First Amended Complaint indicates that plaintiff served the First Amended Complaint only by

11  U.S. Mail on:

12              CAULFIELD, DAVIES & DONAHUE, LLP
                Attn: Richard Caulfield
13              P.O. BOX 277010
                Sacramento, CA 95827-7010

14

15  (Proof of Service, attached to First Am. Compl., Dkt. No. 11 at 37-39; see also Mot. for Default

16  J., Ex. A.)  Caulfield, Davies & Donahue, LLP is not a named defendant.  The court's docket

17  does not contain a subsequently filed proof of service or certificate of service reflecting that

18  plaintiff served the summons and First Amended Complaint on any defendants after the

19  summons issued.[4]

20          On December 6, 2010, plaintiff filed a motion for default judgment.  (Mot. for

21  Default J., Dkt. No. 14.)  On January 28, 2011, the undersigned denied, after a hearing, plaintiff's

22  motion for default judgment.  (Order, Jan. 28, 2011, Dkt. No. 23.)  The undersigned denied

23  plaintiff's motion on the grounds that: (1) the motion was procedurally improper because

24  plaintiff failed to seek and obtain a clerk's entry of default judgment pursuant to Federal Rule of

25

26          [4] At a January 27, 2011 hearing on plaintiff's motion for default judgment, plaintiff conceded
        that he has not personally served the named defendants with process.

4

1   Civil Procedure 55(a) prior to filing a motion for default judgment; and (2) plaintiff had not

2   properly served the defendants against whom plaintiff sought a default judgment.  (See Order,

3   Jan. 28, 2011, at 5-10.)

4          On January 4, 2011, the Moving Defendants filed the pending motion to dismiss

5   plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1),

6   12(b)(5), and 12(b)(6).  As noted above, plaintiff failed to file a written opposition to the motion

7   to dismiss and, accordingly, the undersigned continued the hearing on the motion to dismiss and

8   provided plaintiff with an additional opportunity to file a written opposition or statement of non-

9   opposition.  (See Order, Feb. 1, 2011.)  Plaintiff has filed numerous documents since the entry of

10  the undersigned's February 1, 2011 order, but none of them constitutes an opposition to the

11  pending motion to dismiss.

12  II.   DISCUSSION

13         Plaintiff's First Amended Complaint is subject to dismissal with prejudice as to

14  the Moving Defendants for several reasons.  First, plaintiff's claims are subject to involuntary

15  dismissal pursuant to Federal Rule of Civil Procedure 41(b) based on plaintiff's failure to comply

16  with the court's Local Rules and previously entered orders.  Second, plaintiff's claims against the

17  Moving Defendants are subject to dismissal because plaintiff failed to properly serve those

18  defendants with the operative complaint and summons in this case.  Finally, even assuming

19  plaintiff properly served the Moving Defendants, this court lacks jurisdiction to hear plaintiff's

20  claims against the Moving Defendants under the Rooker-Feldman doctrine.  Accordingly, the

21  undersigned recommends that the Moving Defendants' motion to dismiss be granted and need

22  not reach the Moving Defendants' remaining arguments in favor of dismissal.

23         A.    Plaintiff's Claims Against the Moving Defendants Are Subject to Dismissal
                 Pursuant to Federal Rule of Civil Procedure 41(b)
24

25         As noted above, on January 4, 2011, the Moving Defendants filed a motion to

26  dismiss plaintiff's complaint and noticed that motion for a hearing before the undersigned to take

5

place on February 3, 2011.  Pursuant to this court's Local Rules, plaintiff was obligated to file and serve a written opposition or statement of non-opposition to the Moving Defendants' motion at least fourteen days prior to the hearing date, or January 20, 2011.  See E. Dist. Local Rule 230(c).[5]  Plaintiff failed to file any response to the motion to dismiss.

On February 1, 2011, and in response to plaintiff's failure to file a response to the Moving Defendants' motion, the undersigned entered an order that: (1) continued the hearing on the Moving Defendants' motion to dismiss until March 17, 2011; and (2) required plaintiff to file a written opposition or statement of non-opposition to the pending motion to dismiss on or before February 10, 2011.  (Order, Feb. 1, 2011, at 3-4.)  That order states, in part:

> Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides, in part:
>
> > Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.
>
> See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, *including involuntary dismissal of a plaintiff's case* pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Chambers

---

[5]  Eastern District Local Rule 230(c) provides:

> **(c) Opposition and Non-Opposition.**  Opposition, if any, to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date.  A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question.  No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

1    *v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (recognizing that a court "may act
     *sua sponte* to dismiss a suit for failure to prosecute"); <u>Hells Canyon</u>
2    <u>Preservation Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir.
     2005) (stating that courts may dismiss an action pursuant to Federal Rule
3    of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or
     comply with the rules of civil procedure or the court's orders); <u>Ghazali v.</u>
4    <u>Moran</u>, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a
     district court's local rules is a proper ground for dismissal."); <u>Ferdik v.</u>
5    <u>Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule
     of Civil Procedure 41(b), the district court may dismiss an action for
6    failure to comply with any order of the court."); <u>Thompson v. Housing</u>
     <u>Auth. of City of L.A.</u>, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)
7    (stating that district courts have inherent power to control their dockets
     and may impose sanctions including dismissal).

8

9    (<u>Id.</u> at 2-3 (emphasis in original, footnote omitted).)[6]  Later in that order, the undersigned

10   provided plaintiff with an additional warning: "*Plaintiff's failure to file a written opposition will*

11   *be deemed a statement of non-opposition to the pending motion and consent to the granting of*

12   *the motion to dismiss, and shall constitute an additional ground for the imposition of*

13   *appropriate sanctions, including a recommendation that plaintiff's case be involuntarily*

14   *dismissed pursuant to Federal Rule of Civil Procedure 41(b).*"  (<u>Id.</u> at 4 (emphasis in original).)

15   Thus, the court gave plaintiff very clear warnings that his case would be dismissed for failure to

16   prosecute his action or his failure to comply with the Federal Rules of Civil Procedure, the

17   court's orders, or the court's Local Rules.

18         Plaintiff again failed to file a written opposition or statement of non-opposition to

19   the Moving Defendants' motion to dismiss.[7]  Plaintiff failed to do so despite being given an

20   additional opportunity to do so and explicit warnings that the failure to file a written opposition

21

22         [6]  The order also included the following footnote, which is omitted in the above-quoted text:
     "The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does
23   not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure
     41(b) for failing to file an opposition to a motion to dismiss.  <u>See</u>, e.g., <u>Trice v. Clark County Sch.</u>
24   <u>Dist.</u>, 376 Fed. Appx. 789, 790 (9th Cir. 2010)."  (Order, Feb. 1, 2011, at 2 n.2.)

25         [7]  On February 9, 2011, plaintiff filed a document entitled "Statement of Facts and Clerk
     Commands, February 7, 2011," which essentially contains one page of text.  (Dkt. No. 26.)  None
26   of this text is responsive to the pending motion to dismiss.

1   or statement of non-opposition would result in the dismissal of his lawsuit.

2          The undersigned recommends that the claims asserted against the Moving

3   Defendants be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  Pursuant to

4   Rule 41(b), a district court may dismiss an action for failure to prosecute, failure to comply with

5   the Federal Rules of Civil Procedure, failure to comply with the court's local rules, or failure to

6   comply with the court's orders.[8]  See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991)

7   (recognizing that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells

8   Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005)

9   (recognizing that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b)

10  *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the

11  court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal

12  Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with

13  any order of the court."); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming

14  district court's dismissal of case for failure to prosecute when habeas petitioner failed to file a

15  first amended petition).  This court's Local Rules are in accord.  See E. Dist. Local Rule 110

16  ("Failure of counsel or of a party to comply with these Rules or with any order of the Court may

17  be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or

18  within the inherent power of the Court."); E. Dist. Local Rule 183(a) (providing that a pro se

19  party's failure to comply with the Federal Rules of Civil Procedure, the court's Local Rules, and

20  other applicable law may support, among other things, dismissal of that party's action).

21          A court must weigh five factors in determining whether to dismiss a case for

22  failure to prosecute, failure to comply with a court order, or failure to comply with a district

23  court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

24  _____

25          [8]  Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.**  If the plaintiff fails to
    prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action
26  or any claim against it."  Fed. R. Civ. P. 41(b).

1    (1) the public's interest in expeditious resolution of litigation;
     (2) the court's need to manage its docket; (3) the risk of prejudice
2    to the defendants; (4) the public policy favoring disposition of
     cases on their merits; and (5) the availability of less drastic
3    alternatives.

4    Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th

5    Cir. 1995).  The Ninth Circuit Court of Appeals has stated that "[t]hese factors are not a series of

6    conditions precedent before the judge can do anything, but a way for a district judge to think

7    about what to do."  In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226

8    (9th Cir. 2006).

9            Although involuntary dismissal can be a harsh remedy, the five relevant factors

10   weigh in favor of dismissal of this action.  The first two factors strongly support dismissal of this

11   action.  Plaintiff's failure to file an opposition or statement of non-opposition to the Moving

12   Defendants' motion to dismiss in the first instance, and his failure to do so a second time despite

13   clear warnings of the consequences for such failures, strongly suggests that plaintiff is not

14   interested in seriously prosecuting his case in accordance with the applicable rules of procedure

15   and the court's orders.  See, e.g., Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)

16   ("The public's interest in expeditious resolution of litigation always favors dismissal.").

17   Moreover, although plaintiff had notice of the continued hearing date and his potentially final

18   opportunity to file a response to the Moving Defendants' motion on or before February 10, 2011,

19   plaintiff failed to file a responsive opposition.  Any further time spent by the court on the claims

20   asserted against the Moving Defendants will consume scarce judicial resources and take away

21   from other active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district courts have

22   inherent power to manage their dockets without being subject to noncompliant litigants).

23           In addition, the third factor, which considers prejudice to a defendant as a result of

24   plaintiff's failure to timely oppose its motion to dismiss, should be given some weight.  See

25   Ferdik, 963 F.2d at 1262.  This factor does not necessarily favor dismissal of the claims against

26   the Moving Defendants because those defendants have already filed a motion to dismiss

9

1    plaintiff's First Amended Complaint, and the undersigned addresses that motion below.  Thus,

2    the Moving Defendants are only minimally prejudiced by plaintiff's repeated failure to file a

3    written opposition that is responsive to the pending motion.

4          The fifth factor, which considers the availability of less drastic measures, also

5    supports dismissal of this action.  As noted above, the court has actually pursued remedies that

6    are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d

7    128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court

8    actually tries alternatives before employing the ultimate sanction of dismissal.").  The court

9    excused plaintiff's initial failure to oppose the Moving Defendants' motion, granted plaintiff

10   substantial additional time to file an opposition or statement of non-opposition, and continued the

11   hearing on the motion to dismiss.  Moreover, the court advised plaintiff of the requirement of

12   opposing a motion to dismiss and informed him of the requirements of the Local Rules.

13   Furthermore, the court advised plaintiff that he was required to comply with the court's Local

14   Rules and the Federal Rules of Civil Procedure even though he is proceeding without counsel.  It

15   also warned plaintiff in clear terms that failure to comply with the court's orders would result in a

16   recommendation of dismissal.  Warning a plaintiff that failure to take steps towards resolution of

17   his or her action on the merits will result in dismissal satisfies the requirement that the court

18   consider the alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a

19   district court's warning to a party that his failure to obey the court's order will result in dismissal

20   can satisfy the 'consideration of alternatives' requirement.") (citing Malone, 833 F.2d at 132-33).

21   At this juncture, the court finds that dismissal is a suitable course of action in light of plaintiff's

22   disregard of the court's orders and Local Rules.

23         The court also recognizes the importance of giving due weight to the fourth factor,

24   which addresses the public policy favoring disposition of cases on the merits.  However, for the

25   reasons set forth above, factors one, two, and five strongly support a recommendation for

26   dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is

proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal." <u>Hernandez v. City of El Monte</u>, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits.  <u>See</u> <u>Ferdik</u>, 963 F.2d at 1263.

Additionally, the undersigned notes that plaintiff has continually ignored the Federal Rules of Civil Procedure and this court's Local Rules.  Although the violations are too lengthy to list here, two examples are illustrative.  First, although no matter was on for hearing on March 17, 2011, plaintiff appeared in court during the undersigned's law and motion calendar for a "trial," which was unilaterally scheduled by plaintiff.  (<u>See</u> Minutes, Mar. 17, 2011, Dkt. No. 35.)  Second, also on March 17, 2011, plaintiff filed with the court a "Writ of Replevin and Court Orders - In Admiralty," with a caption that contains the name of this court.  (Dkt. No. 37.) Plaintiff signed this purported writ and order as "Judge, Bank, Banker and Postmaster."  The United States Marshal's office also contacted the Clerk's Office and the undersigned's chambers because plaintiff had reportedly presented his purported order to the United States Marshal's office for execution by that office.  These types of egregious behavior by plaintiff is commonplace in this action.  Plaintiff's mischief additionally supports involuntary dismissal.

Based on the applicable factors, the undersigned recommends that plaintiff's claims against the Moving Defendants be dismissed under Rule 41(b).  Out of an abundance of caution, however, the undersigned briefly addresses below the merits of the Moving Defendants' motion, which provide additional grounds for dismissal of the claims asserted against the Moving Defendants.

B.      <u>Plaintiff Did Not Properly Serve the Moving Defendants With Process</u>

Setting aside the recommendation that plaintiff's claims against the Moving Defendants be dismissed pursuant to Rule 41(b), the undersigned agrees with the Moving Defendants that plaintiff's claims against them are subject to dismissal pursuant to Federal Rule

of Civil Procedure 12(b)(5) for insufficient service of process.  For the sake of brevity, however,

the undersigned does not discuss this grounds for dismissal in great length here.  That is because

the undersigned previously analyzed whether plaintiff had properly served the Moving

Defendants with process in an order denying plaintiff's motion for default judgment.  (See Order,

Jan. 28, 2011.)  In that order, the undersigned concluded that whether analyzed under Federal

Rules of Civil Procedure 4 or 5, plaintiff failed to properly serve the same 18 defendants who

constitute the Moving Defendants here.  (See id. at 7-10.)  That order is incorporated here by

reference.[9]  Accordingly, the undersigned recommends that plaintiff's First Amended Complaint

be dismissed as to the Moving Defendants pursuant to Federal Rules of Civil Procedure 12(b)(5).

> C.   This Court Lacks Jurisdiction Over Plaintiff's Claims Against the Moving
>      Defendants Based On Application of the Rooker-Feldman Doctrine

Even assuming that plaintiff's claims asserted against the Moving Defendants are

not subject to dismissal pursuant to Federal Rules of Civil Procedure 41(b) or 12(b)(5), those

claims are subject to dismissal for lack of jurisdiction.  Plaintiff's claims against the Moving

Defendants constitute an appeal or de facto appeal of 18 state court judgments made to a federal

court and, as a result, fall within the Rooker-Feldman doctrine.  Accordingly, the undersigned

recommends dismissal, in the alternative, on the grounds that this court lacks jurisdiction to

exercise appellate review of final state court judgments.

The Rooker-Feldman doctrine occupies "narrow ground."  Skinner v. Switzer,

131 S. Ct. 1289, 1297 (2011).  "'The Rooker-Feldman doctrine provides that federal district

courts lack jurisdiction to exercise appellate review over final state court judgments.'"

---

[9]  Additionally, as noted in the undersigned's previously entered orders, plaintiff essentially conceded at the hearing on the motion for default judgment that he did not properly serve his complaint or First Amended Complaint on the Moving Defendants.  (See Order, Jan. 28, 2011, at 1 & n.3; Order, Feb. 1, 2011, at 3.)  Moreover, in the undersigned's February 1, 2011 order, the undersigned advised plaintiff that if plaintiff did not remedy the failed service on the Moving Defendants, such a failure "may still provide additional grounds upon which to grant the Moving Defendants' motion."  (Order, Feb. 1, 2011, at 3 & n.3.)  Plaintiff has provided no indication that he ever remedied the insufficient service of process.

1   AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1153 (9th Cir. 2007) (quoting Henrichs v.

2   Valley View Dev., 474 F.3d 609, 613 (9th Cir. 2007)).  "Essentially, the doctrine bars

3   'state-court losers complaining of injuries caused by state-court judgments rendered before the

4   district court proceedings commenced' from asking district courts to review and reject those

5   judgments."[10]  Henrichs, 474 F.3d at 613 (quoting Exxon Mobile Corp. v. Saudi Basic Indus.

6   Corp., 544 U.S. 280, 284 (2005)); accord Reusser v. Wachovia Bank, N.A., 525 F.3d 855, 859

7   (9th Cir. 2008).  The Rooker-Feldman doctrine may also apply, however, where the parties do

8   not directly contest the merits of a state court decision, but file an action that constitutes a "de

9   facto" appeal from a state court judgment.  Reusser, 525 F.3d at 859.  Such a de facto appeal

10  exists where "claims raised in the federal court action are 'inextricably intertwined' with the state

11  court's decision such that the adjudication of the federal claims would undercut the state ruling

12  or require the district court to interpret the application of state laws or procedural rules."  Id.

13  (citation and quotation marks omitted).  "Once a federal plaintiff seeks to bring a forbidden de

14  facto appeal . . . , that federal plaintiff may not seek to litigate an issue that is 'inextricably

15  intertwined' with the state court judicial decision from which the forbidden de facto appeal is

16  brought."  Noel, 341 F.3d at 1158; see also Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n.4 (9th

17  Cir. 2003) ("The Rooker-Feldman doctrine prevents lower federal courts from exercising

18

19      [10]   In Noel v. Hall, the Ninth Circuit Court of Appeals provided the following "general formulation" of Rooker-Feldman:

20          If a federal plaintiff asserts as a legal wrong an allegedly erroneous decision
            by a state court, and seeks relief from a state court judgment based on that
21          decision, Rooker-Feldman bars subject matter jurisdiction in federal district
            court.  If, on the other hand, a federal plaintiff asserts as a legal wrong an
22          allegedly illegal act or omission by an adverse party, Rooker-Feldman does
            not bar jurisdiction.  If there is simultaneously pending federal and state court
23          litigation between the two parties dealing with the same or related issues, the
            federal district court in some circumstances may abstain or stay proceedings;
24          or if there has been state court litigation that has already gone to judgment,
            the federal suit may be claim-precluded under § 1738.  But in neither of these
25          circumstances does Rooker-Feldman bar jurisdiction.

26   341 F.3d 1148, 1164 (9th Cir. 2003).

1    jurisdiction over any claim that is 'inextricably intertwined' with the decision of a state court,

2    even where the party does not directly challenge the merits of the state court's decision but rather

3    brings an indirect challenge based on constitutional principles.").

4              Here, plaintiff asks this court to review the 18 final judgments entered by the state

5    court and vacate those final judgments.[11]  For example, the document deemed to constitute

6    plaintiff's First Amended Complaint is entitled "Amended Motion For Orders To Void and

7    Vacate: Judgments and Orders To Strike Liens of El Dorado County Superior Court."  Plaintiff's

8    caption, which lists all of the state court case numbers that correspond to state court cases in

9    which the 18 final judgments were entered, forecasts that plaintiff is seeking relief from the final

10   judgments.  Moreover, in the section of the First Amended Complaint entitled "Causes of Action

11   to Void Judgment and Orders," plaintiff directly challenges the state court judges' orders and the

12   state court's judgments.  (First Am. Compl. at 6-29.)  Among other arguments, plaintiff asserts

13   that: (1) the state court lacked subject matter jurisdiction and personal jurisdiction; (2) state court

14   judges deprived plaintiff of his "constitutional and due process rights" during the hearings related

15   to the judgments at issue; and (3) the defendants failed to provide sufficient evidence to prove

16   their claims in state court.  Furthermore, plaintiff expressly asks this court to "nullify, void, and

17   vacate" the orders and final judgments entered in the state court.  (Id. at 30-31.)  In short,

18   plaintiff's First Amended Complaint constitutes an appeal or a de facto appeal of 18 state court

19   judgments, and, accordingly, this court lacks subject matter jurisdiction over plaintiff's claims

20

21              [11] The Moving Defendants filed a request for judicial notice that asks this court to take notice
     of several documents of the Superior Court of El Dorado County, including numerous orders and
22   18 final judgments, all of which underlie plaintiff's claims here.  (See Req. For Judicial Notice, Dkt.
     No. 19, Doc. No. 19-5.)  The undersigned grants the Moving Defendants' request for judicial notice.
23   The district court may take judicial notice of documents filed in a state court action where, as here,
     the state court proceedings have a direct relation to the matters at issue.  See, e.g., Betker v. U.S.
24   Trust Corp. (In re Heritage Bond Litig.), 546 F.3d 667, 670 n.1, 673 n.8 (9th Cir. 2008) (citing U.S.
     ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992));
25   Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007); Holder v. Holder, 305 F.3d 854, 866 (9th
     Cir. 2002); Cactus Corner, LLC v. U.S. Dep't of Agric., 346 F. Supp. 2d 1075, 1092 (E.D. Cal.
26   2004).

1   against the Moving Defendants.[12]

2       D.      Order To Show Cause: Failure to Serve Summons and Complaint

3               Finally, the undersigned orders, *sua sponte*, plaintiff to show good cause in

4   writing why his claims against the remaining defendants in this action, who have not appeared,

5   should not be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 4(m)

6   and 41(b).

7               As noted above, plaintiff filed what the court deemed to be a First Amended

8   Complaint on October 6, 2010.  (See Dkt. Nos. 11, 12.)  The court issued a summons in regards

9   to the First Amended Complaint on October 14, 2010.  (Summons In A Civ. Case, Oct. 14, 2010,

10  Dkt. No. 13.)  This summons included as defendants the following individuals: Kelly Bently,

11  "Sargent Foxworthy," Jeff Neves, Barbara Newman, Carol Stowell, and Tania Urgin.  The

12  court's docket does not reflect with any certainty that plaintiff ever served these remaining

13  defendants with the original summons and the original complaint, or the First Amended

14  Complaint and related summons.

15              As a result, the undersigned is inclined to recommend, on the court's own motion,

16  that the claims against defendants Bently, Foxworthy, Neves, Newman, Stowell, and Urgin be

17  dismissed because the time to serve these defendants has expired.  In relevant part, Federal Rule

18  of Civil Procedure 4(m) provides:

19          **(m) Time Limit for Service.**  If a defendant is not served within 120 days
            after the complaint is filed, the court--on motion or on its own after notice
20          to the plaintiff--must dismiss the action without prejudice against that
            defendant or order that service be made within a specified time.  But if the
21          plaintiff shows good cause for the failure, the court must extend the time
            for service for an appropriate period.

22

23  Over 120 days have passed since plaintiff filed the First Amended Complaint and since the court

24  ─────────────────

25      [12]  The undersigned agrees with the Moving Defendants that, under the peculiar facts of this
    case, the timing of the entry of the state court judgments relative to the commencement of the federal
26  proceedings does not bar application of the Rooker-Feldman doctrine.

15

1    issued the summons pertaining to the First Amended Complaint.  Absent good cause shown by

2    plaintiff, the court must dismiss plaintiff's claims against defendants Bently, Foxworthy, Neves,

3    Newman, Stowell, and Urgin pursuant to Rule 4(m).  However, Rule 4(m) requires that the court

4    provide notice to plaintiff prior to effectuating such a dismissal, and this order constitutes such

5    notice.

6              Additionally, the court is inclined to recommend, on its own motion, the dismissal

7    of plaintiff's action with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure

8    to prosecute, comply with the Federal Rules of Civil Procedure, and the court's Order Setting

9    Status Conference.[13]  See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing

10   that a court "may act *sua sponte* to dismiss a suit for failure to prosecute"); Hells Canyon

11   Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that

12   courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a

13   plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders);

14   Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district court's dismissal

15   of case for failure to prosecute when habeas petitioner failed to file a first amended petition);

16   Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil

17   Procedure 41(b), the district court may dismiss an action for failure to comply with any order of

18   the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per

19   curiam) (stating that district courts have inherent power to control their dockets and may impose

20   sanctions including dismissal).  The court previously warned plaintiff that such failures would

21   result in a recommendation that his case be dismissed.  (See Order, Feb. 1, 2011.)  Accordingly,

22   plaintiff should also address why his claims against defendants Bently, Foxworthy, Neves,

23   Newman, Stowell, and Urgin should not be involuntarily dismissed with prejudice.

24

25          [13]  Pursuant Federal Rule of Civil Procedure 4(m) and this court's Order Setting Status
     Conference, plaintiff was obligated to serve all defendants with process within 120 days from the
26   date the complaint was filed.  (See Order Setting Status Conference ¶ 1, Dkt. No. 5.)

III.     CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1.     The Moving Defendants' request for judicial notice (Dkt. No. 19, Doc. No. 19-5) is granted.

2.     Plaintiff shall show cause, in writing, no later than April 15, 2011, why his claims against defendants Kelly Bently, "Sargent Foxworthy," Jeff Neves, Barbara Newman, Carol Stowell, and Tania Urgin should not be dismissed with prejudice pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

IT IS FURTHER RECOMMENDED that:

1.     Plaintiff's claims against the Moving Defendants be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

2.     In the alternative, the Moving Defendants' motion to dismiss (Dkt. No. 19) be granted.

3.     All of plaintiff's claims alleged against the following defendants be dismissed with prejudice: Joan Barbee, Robert J. Barbot, Ron Briggs, Janet Walker Conroy, Mark Contois (erroneously sued as "Mark Tontois"), Worth Dikeman, Louis B. Green, Melinda Iremonger, Edward L. Knapp, John R. Knight, Beth McCourt, Becky Nelson, Ray Nutting, Vern R. Pierson, Norman Santiago, James R. Sweeney, Tim William, and Angela Wilson.

4.     The Moving Defendants' request for sanctions be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

1   Failure to file objections within the specified time may waive the right to appeal the District

2   Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

3   1153, 1156-57 (9th Cir. 1991).

4                   IT IS SO ORDERED and RECOMMENDED.

5   DATED:  April 5, 2011

6

7

8                                       KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

                                        18