IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH EDWARD MARTY,

      Plaintiff,                    No. 2:10-cv-01823 KJM KJN PS

      v.

LOUIS B. GREEN, et al.,

      Defendants.           <u>ORDER</u>
_____/

      Plaintiff has filed several documents with this court that: (1) identify the United States District Court, Eastern District of California in the caption, and (2) purport to be orders or writs of this court signed by "Joseph-Edward:Marty" as "Judge, Bank, Banker and Postmaster." (<u>See</u> Dkt. Nos. 36-39, 41-42.) None of these filings constitutes a writ or order of this court and are not to be interpreted as such. Accordingly, IT IS HEREBY ORDERED that:

      1.    Plaintiff's filings that purport to be writs or orders of this court (Dkt. Nos. 36-39, 41-42) are disregarded.

      2.    Plaintiff shall not file any additional documents through which he purports to enter a writ or order on his own authority. Any such filings by plaintiff in the future will be summarily disregarded by the court, and will further result in a recommendation that plaintiff's case be dismissed with prejudice for failure to follow the court's orders, the court's Local Rules,

and/or the Federal Rules of Civil Procedure.  Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  Moreover, Eastern District Local Rule 183(a) provides:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal . . . or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").  Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.  See Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal."); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal).

       IT IS SO ORDERED.

DATED: April 6, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE