1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JOSEPH EDWARD MARTY,

11           Plaintiff,               No. 2:10-cv-01823 KJM KJN PS

12        v.

13   LOUIS B. GREEN, et al.,

14           Defendants.          FINDINGS AND RECOMMENDATIONS
                                /
15

16          On April 6, 2011, the undersigned entered proposed findings and

17   recommendations that recommended the dismissal of 18 defendants from this action with

18   prejudice.[1]  (Order, Findings & Recommendations, and Order to Show Cause,[2] Apr. 6, 2011, Dkt.

19   No. 43.)  In entering those proposed findings and recommendations, the undersigned also ordered

20   plaintiff to show cause why his claims against the remaining defendants who have not appeared

21   in this action—defendants Kelley Bently, "Sargent Foxworthy," Jeff Neves, Barbara Newman,

22   Carol Stowell, and Tania Urgin—should not be dismissed pursuant to Federal Rules of Civil

23   _____

24        [1]  These proposed findings and recommendations are pending, and plaintiff failed to file
     objections thereto.
25
          [2]  These proposed findings and recommendations are occasionally referred to as the "OSC"
26   herein.

                                    1

1  Procedure 4(m) and 41(b).  (Id. at 15-16.)  Plaintiff was required to show such cause, in writing,

2  no later than April 15, 2011.  (Id. at 17.)  Plaintiff failed to file a response to the order to show

3  cause.[3]  Accordingly, the undersigned recommends that plaintiff's claims against defendants

4  Bently, Foxforthy, Neves, Newman, Stowell, and Urgin be dismissed with prejudice.

5  I.       Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 4(m)

6              On October 6, 2010, plaintiff filed what the court deemed to be a First Amended

7  Complaint (Dkt. No. 11).  (See Order, Oct. 14, 2010, Dkt. No. 12.)  The court issued a summons

8  in regards to the First Amended Complaint on October 14, 2010.  (Summons In A Civil Case,

9  Oct. 14, 2010, Dkt. No. 13.)  This summons included as defendants the following individuals:

10  Kelley Bently, "Sargent Foxworthy," Jeff Neves, Barbara Newman, Carol Stowell, and Tania

11  Urgin.  As noted in the OSC, the court's docket does not reflect with any certainty that plaintiff

12  ever served these defendants with the original summons and the original complaint, or the First

13  Amended Complaint and related summons.  Accordingly, the undersigned provided plaintiff with

14  notice and an opportunity, in the form of a response to the OSC, to demonstrate either: (1) that he

15  properly served these defendants, or (2) good cause for the failure to serve these defendants.

16  Again, the court's docket reflects that plaintiff did not file a response to the OSC.

17              In relevant part, Federal Rule of Civil Procedure 4(m) provides:

18              **(m) Time Limit for Service.**  If a defendant is not served within 120 days
              after the complaint is filed, the court--on motion or on its own after notice
19              to the plaintiff--must dismiss the action without prejudice against that
              defendant or order that service be made within a specified time.  But if the
20              plaintiff shows good cause for the failure, the court must extend the time
              for service for an appropriate period.
21

22              Over 120 days have passed since plaintiff filed the First Amended Complaint and

23  since the court issued the summons pertaining to the First Amended Complaint.  Furthermore,

24  plaintiff failed to show good cause for his failure to serve defendants Bently, Foxworthy, Neves,

25  ────────────────────

26  [3]  Plaintiff filed documents with the court on April 13, 2011, April 18, 2011, and April 26, 2011.  (Dkt. Nos. 45-49.)  None of these filings remotely constitutes a response to the OSC.

1    Newman, Stowell, and Urgin, even after being given notice of the potential dismissal pursuant to

2    Rule 4(m) and an opportunity to show good cause.  Accordingly, the undersigned recommends

3    that plaintiff's claims against defendants Bently, Foxworthy, Neves, Newman, Stowell, and

4    Urgin be dismissed.  Dismissal pursuant to Rule 4(m) would be without prejudice.

5    II.      Dismissal With Prejudice Pursuant to Federal Rule of Civil Procedure 41(b)

6           The undersigned also recommends the dismissal of plaintiff's claims against

7    defendants Bently, Foxworthy, Neves, Newman, Stowell, and Urgin with prejudice, pursuant to

8    Federal Rule of Civil Procedure 41(b).  Such dismissal is warranted in light of plaintiff's failure

9    to prosecute his action, comply with the Federal Rules of Civil Procedure, comply with the

10   court's Order Setting Status Conference,[4] and respond to the OSC.  Rather than comply with the

11   applicable procedural rules and this court's orders, plaintiff has consistently flouted them.  For

12   example, plaintiff filed several documents with this court that: (1) identify the United

13   States District Court, Eastern District of California in the caption, and (2) purport to be orders or

14   writs of this court signed by "Joseph-Edward:Marty" as "Judge, Bank, Banker and Postmaster."

15   (See Order, Apr. 7, 2011, Dkt. No. 44; see also Dkt. Nos. 36-39, 41-42, 45.)

16          Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an

17   action for failure to prosecute, failure to comply with the Federal Rules of Civil Procedure,

18   failure to comply with the court's local rules, or failure to comply with the court's orders.[5]  See,

19   e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act *sua*

20   *sponte* to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S.

21   Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (recognizing that courts may dismiss an action

22

23          [4]  Pursuant Federal Rule of Civil Procedure 4(m) and this court's Order Setting Status
24   Conference, plaintiff was obligated to serve all defendants with process within 120 days from the
     date the complaint was filed.  (See Order Setting Status Conference ¶ 1, Dkt. No. 5.)

25          [5]  Rule 41(b) provides, in part: "**(b) Involuntary Dismissal; Effect.**  If the plaintiff fails to
26   prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action
     or any claim against it."  Fed. R. Civ. P. 41(b).

1  pursuant to Federal Rule of Civil Procedure 41(b) *sua sponte* for a plaintiff's failure to prosecute

2  or comply with the rules of civil procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d

3  1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court

4  may dismiss an action for failure to comply with any order of the court."), cert. denied, 506 U.S.

5  915 (1992); Pagtalunan v. Galaza, 291 F.3d 639, 642-43 (9th Cir. 2002) (affirming district

6  court's dismissal of case for failure to prosecute when habeas petitioner failed to file a first

7  amended petition), cert. denied, 538 U.S. 909 (2003).  This court's Local Rules are in accord.

8  See E. Dist. Local Rule 110 ("Failure of counsel or of a party to comply with these Rules or with

9  any order of the Court may be grounds for imposition by the Court of any and all sanctions

10 authorized by statute or Rule or within the inherent power of the Court."); E. Dist. Local

11 Rule 183(a) (providing that a pro se party's failure to comply with the Federal Rules of Civil

12 Procedure, the court's Local Rules, and other applicable law may support, among other things,

13 dismissal of that party's action).

14          A court must weigh five factors in determining whether to dismiss a case for

15 failure to prosecute, failure to comply with a court order, or failure to comply with a district

16 court's local rules.  See, e.g., Ferdik, 963 F.2d at 1260.  Specifically, the court must consider:

17               (1) the public's interest in expeditious resolution of litigation;
                 (2) the court's need to manage its docket; (3) the risk of prejudice
18               to the defendants; (4) the public policy favoring disposition of
                 cases on their merits; and (5) the availability of less drastic
19               alternatives.

20 Id. at 1260-61; accord Pagtalunan, 291 F.3d at 642-43; Ghazali v. Moran, 46 F.3d 52, 53 (9th

21 Cir. 1995), cert. denied, 516 U.S. 838 (1995).  The Ninth Circuit Court of Appeals has stated that

22 "[t]hese factors are not a series of conditions precedent before the judge can do anything, but a

23 way for a district judge to think about what to do."  In re Phenylpropanolamine (PPA) Prods.

24 Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006).

25          Although involuntary dismissal can be a harsh remedy, the relevant factors weigh

26 in favor of dismissal of this action.  Plaintiff's failure to serve the remaining parties in this action

4

1    with process and respond to the OSC, despite clear warnings of the consequences for such

2    failures, strongly suggests that plaintiff has abandoned his claims against these defendants or is

3    not interested in seriously prosecuting those claims.  See, e.g., Yourish v. Cal. Amplifier, 191

4    F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation

5    always favors dismissal.").  Any further time spent by the court on this case, which plaintiff has

6    demonstrated a lack of any serious intention to pursue, will consume scarce judicial resources

7    and take away from other active cases.  See Ferdik, 963 F.2d at 1261 (recognizing that district

8    courts have inherent power to manage their dockets without being subject to noncompliant

9    litigants).  Indeed, the court has devoted many hours to dealing with plaintiff's numerous,

10   procedurally improper filings, e.g., the order and writs entered under plaintiff's own name as

11   "Judge, Bank, Banker and Postmaster."

12           In addition, the third factor, which considers the risk of prejudice to a defendant,

13   favors dismissal.  Defendants Bently, Foxworthy, Neves, Newman, Stowell, and Urgin have been

14   sued by a plaintiff who has demonstrated no desire to pursue his claims against them, or at least

15   to pursue those claims in a serious and procedurally proper manner.  It is prejudicial to these

16   defendants to allow plaintiff's claims to linger against them.

17           The fifth factor, which considers the availability of less drastic measures, also

18   supports dismissal of this action.  As noted above, the court has actually pursued remedies that

19   are less drastic than a recommendation of dismissal.  See Malone v. U.S. Postal Serv., 833 F.2d

20   128, 132 (9th Cir. 1987) ("[E]xplicit discussion of alternatives is unnecessary if the district court

21   actually tries alternatives before employing the ultimate sanction of dismissal."), cert. denied,

22   Malone v. Frank, 488 U.S. 819 (1988).  The court provided plaintiff with notice of its intent to

23   dismiss his case absent a showing of good cause for his failure to serve the remaining parties and

24   his failure to comply with the court's Order Setting Status Conference.  The court advised

25   plaintiff of the requirements of the Federal Rules of Civil Procedure and the court's orders, and

26   further advised plaintiff that he was required to comply with the rules of procedure and the

5

court's orders even though he is proceeding without counsel.  It also repeatedly warned plaintiff in very clear terms that failure to comply with the court's orders would result in a recommendation of dismissal with prejudice.  (Order, Feb. 1, 2011, at 2-3, Dkt. No. 25; Order, Findings & Recommendations, and Order to Show Cause, Apr. 6, 2011, at 16; Order, Apr. 7, 2011, at 1-2.)  Warning a plaintiff that failure to take steps towards resolution of his or her action on the merits will result in dismissal satisfies the requirement that the court consider the alternatives.  See, e.g., Ferdik, 963 F.2d at 1262 ("[O]ur decisions also suggest that a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citing Malone, 833 F.2d at 132-33).  At this juncture, the court finds no suitable alternative to a recommendation for dismissal of the claims alleged against the above-referenced defendants.

The court also recognizes the importance of giving due weight to the fourth factor, which addresses the public policy favoring disposition of cases on the merits.  However, for the reasons set forth above, factors one, two, three, and five strongly support a recommendation of dismissal of this action, and factor four does not materially counsel otherwise.  Dismissal is proper "where at least four factors support dismissal or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (citations and quotation marks omitted).  Under the circumstances of this case, the other relevant factors outweigh the general public policy favoring disposition of actions on their merits.  See Ferdik, 963 F.2d at 1263.  Additionally, plaintiff's non-responsiveness evidences his lack of desire for the resolution of his claims on the merits.

III.    CONCLUSION

For the reasons stated above, IT IS HEREBY RECOMMENDED that plaintiff's claims against defendants Kelley Bently, "Sargent Foxworthy," Jeff Neves, Barbara Newman, Carol Stowell, and Tania Urgin be dismissed with prejudice.

These findings and recommendations are submitted to the United States District

6

1  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

2  days after being served with these findings and recommendations, any party may file written

3  objections with the court and serve a copy on all parties.  Id.; see also E. Dist. Local Rule 304(b).

4  Such a document should be captioned "Objections to Magistrate Judge's Findings and

5  Recommendations."  Any response to the objections shall be filed with the court and served on

6  all parties within fourteen days after service of the objections.  E. Dist. Local Rule 304(d).

7  Failure to file objections within the specified time may waive the right to appeal the District

8  Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d

9  1153, 1156-57 (9th Cir. 1991).

10          IT IS SO RECOMMENDED.

11  DATED:  April 27, 2011

12

13                                        _____

14                                        KENDALL J. NEWMAN
                                          UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26