IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH EDWARD MARTY,

    Plaintiff,                    No. 2:10-cv-01823 KJM KJN PS

    v.

LOUIS B. GREEN, et al.,

    Defendants.          ORDER

/

         On May 17, 2011, plaintiff filed a motion entitled "Motion to Move Juvenile Case to Federal Court: Motion to Replace [Judge] Newman: Order to Show Just Cause: Order for Discovery." (Dkt. No. 51.) Because plaintiff failed to properly notice that motion, the court vacated the hearing date noticed by plaintiff and ordered plaintiff to re-notice the motion. (Minute Order, May 20, 2011, Dkt. No. 52.) On June 1, 2011, plaintiff filed an amended notice of motion, and noticed his previously filed motion for a hearing date of July 28, 2011. (Notice of New Hearing Date, Dkt. No. 53.) Despite a previous warning that any document through which plaintiff purports to act as a "Judge" would be summarily disregarded (Order, Apr. 7, 2011, Dkt. No. 44), plaintiff continues to sign many of his filings as follows: "Joseph-Edward:Marty, Postmaster, Bank, Banker, Judge, Libellant, R.R.~537~222~786~U.S." For the reasons stated below, the undersigned: (1) summarily disregards plaintiff's "Order to Show Just Cause" and

1

1  "Order for Discovery"; (2) denies plaintiff's motion to move the juvenile case to federal court;
2  and (3) denies plaintiff's motion to remove the undersigned.
3  I.     Plaintiff's "Order to Show Just Cause" and "Order for Discovery"
4          Plaintiff has a history of filing documents that are styled as orders of this court,
5  and through which plaintiff purports to act as a judge. Given the highly inappropriate and
6  fraudulent nature of these filings, the undesigned entered an order that disregarded such filings
7  and further provided: "Plaintiff shall not file any additional documents through which he purports
8  to enter a writ or order on his own authority. Any such filings by plaintiff in the future will be
9  summarily disregarded by the court, and will further result in a recommendation that plaintiff's
10 case be dismissed with prejudice . . . ." (Order, Apr. 7, 2011, at 1.) Plaintiff's pending motion
11 includes an "Order to Show Just Cause" and "Order for Discovery," which again reflect
12 plaintiff's attempts to act as a judge in this case. Because plaintiff's "Order to Show Just Cause"
13 and "Order for Discovery" violate the court's April 7, 2011 order, they are summarily
14 disregarded.
15 II.    Plaintiff's Motion to Move the Juvenile Case to Federal Court
16          Plaintiff's motion also "demands" that this court "move" a juvenile case
17 proceeding in the El Dorado Superior Court as "case #PDP09-0047" to this court. The
18 undersigned denies plaintiff's request because two sets of proposed findings and
19 recommendations are pending before the district judge assigned to this case. (Dkt. Nos. 43, 50.)
20 If those proposed findings and recommendations are adopted, all of plaintiff's claims in this
21 action will be dismissed with prejudice, and this case will be closed. Accordingly, the
22 undersigned denies plaintiff's motion to move the state juvenile proceeding to this court. If the
23 district judge assigned to this case does not adopt the pending findings and recommendations,
24 plaintiff may re-file his motion.
25 III.   Plaintiff's Motion to Remove The Undersigned
26          Finally, plaintiff's motion includes a request that the undersigned be disqualified

2

from this case because the undersigned has issued orders that: (1) do not contain "court stamps signed by the court clerk"; and (2) interfere with plaintiff's claims. He also tersely alleges that the undersigned is "no longer fair and impartial." The bases for plaintiff's motion to disqualify the undersigned solely relate to orders issued by the undersigned in this case.

Pursuant to 28 U.S.C. § 144, a party may file a "timely and sufficient affidavit" seeking to preclude the assigned judge from presiding over the matter any further as a result of "a personal bias or prejudice" as to a party in the action. Section 144 provides, in its entirety:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.
>
> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may file only one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Additionally, a United States magistrate judge may disqualify himself or herself for several reasons presented in 28 U.S.C. § 455. For example, "[a]ny . . . magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Moreover, a magistrate judge "shall also disqualify himself [or herself] . . . [w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." Id. § 455(b)(1).

The Ninth Circuit Court of Appeals has held that "[t]he substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" United States v. Hernandez, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (per curiam) (quoting United States v. Studley, 783 F.2d 934, 939 (9th Cir. 1986)); accord Pesnell v.

Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008).

In United States v. Grinnell Corp., 384 U.S. 563 (1966), the United States Supreme Court stated that in order for the "alleged bias and prejudice to be disqualifying" in the context of a Section 144 affidavit, it must stem from an "extrajudicial source." Id. at 583.  In Liteky v. United States, 510 U.S. 540 (1994), the Supreme Court extended the so-called "extrajudicial source doctrine" to disqualifications pursuant to 28 U.S.C. § 455, but clarified that the alleged bias must *usually* arise from an extrajudicial source.  See id. at 554-55 (stating that "it would be better to speak of the existence of a significant (and often determinative) 'extrajudicial source' factor, than of an 'extrajudicial source' doctrine, in recusal jurisprudence").  In so holding, the Court explained:

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved.  Almost invariably, they are proper grounds for appeal, not for recusal.  Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.  Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.  They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

Id. at 555 (citation omitted); see also United States v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010) ("We have described the extrajudicial source factor as involving 'something other than rulings, opinions formed or statements made by the judge during the course of trial.'") (quoting United States v. Holland, 519 F.3d 909, 914 (9th Cir. 2008)).  "'[E]xpressions of impatience, dissatisfaction, annoyance, and even anger' are not grounds for establishing bias or impartiality, nor are a judge's efforts at courtroom administration."  Pesnell, 543 F.3d at 1044 (citing Liteky, 510 U.S. at 555-56).

4

Here, the extrajudicial source factor applies to plaintiff's motion to remove the undersigned and forecloses plaintiff's request for disqualification.  Plaintiff has simply failed to identify any extrajudicial source that gives rise to his request for disqualification.  Instead, plaintiff's complaints stem entirely from the undersigned's judicial rulings in plaintiff's case.  Thus, plaintiff's request for disqualification is squarely foreclosed by the Supreme Court's decision in <u>Liteky</u> and the Ninth Circuit Court of Appeals's subsequent decisions that are in accord with <u>Liteky</u>.  Accordingly, plaintiff's request to remove the undersigned is denied.

IV.     <u>CONCLUSION</u>

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.     Plaintiff's "Order to Show Just Cause" and "Order for Discovery" are summarily disregarded.

2.     Plaintiff's motion to move El Dorado County Superior Court case #PDP09-0047 to this court is denied.

3.     Plaintiff's motion to remove the undersigned from this case is denied.

4.     As a result of the denial of all relief sought by plaintiff's "Motion to Move Juvenile Case to Federal Court: Motion to Replace [Judge] Newman: Order to Show Just Cause: Order for Discovery" (Dkt. No. 51), the hearing date on that motion, set for July 28, 2011, is vacated.

IT IS SO ORDERED.

DATED: July 5, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE